### SUPERIOR AND FELLOW-SERVANTS.

[Circuit Court of Knox County.]

THE J. B. FOOTE FOUNDRY COMPANY v. JAMES A. YOUNG.

Decided, October 12, 1906.

*Negligence—Master and Servant—Test as to Whether One is a Superior or Fellow Servant—Injury to an Employe—Error.*

A servant who is injured while responding to a request or order from another to assist in doing a certain part of the master's work, is without recourse against the master, unless it appear that the one who made the request or gave the order was in so doing acting under the authority of the master or some one standing in his place.

By THE COURT.

The defendant in error obtained a judgment against the plaintiff in error in an action wherein he claimed that he had been injured in consequence of the negligence of the plaintiff in error herein, or his servants, whereby he was entitled to recover for said negligence, and proceedings in error are now prosecuted to reverse the judgment.

The most important question herein is the error complained of that the verdict of the jury is manifestly against the weight of the evidence in this case, and is contrary to and against the law of the case. These grounds were set out in a motion for a new trial, and are carried into the petition in error, which requires us to investigate this entire record, which we have done.

It appears from this record that the plaintiff was employed by the defendant to work in his paint shop, and that a few days after entering the employment, he was in a portion of the defendant's shop where a machine known as a "rattler" was being operated by one of the defendant's servants, Hofleck; that a belt, which in the operation of said shop was to be placed upon a pulley, which would start and operate the machine known as a "rattler," was not upon said pulley, and that the plaintiff attempted to place the same thereon so as to start the machine, and that while engaged in this his arm was caught, and so se-

verely injured, that it required its amputation. He says it was in consequence of the negligence of the defendant and of his servant, Hofleck. It is his claim that the servant, Hofleck, was his superior, and that in performing the work in and about the pulley and belt, he was acting in obedience to the direction and orders of Hofleck, who stood in the capacity of vice-principal or superior to him.

We may go to the extent of assuming that the record shows that Hofleck did· order and direct the plaintiff to assist in adjusting said belt upon the pulley, but we simply assume this situation for the purpose of this opinion. We do not, by any means, so decide. But assuming that that situation existed, is there any proof in this record that Hofleck stood in the relation of a vice-principal or superior to the plaintiff, or was he simply a fellow-servant? If he was simply a fellow-servant, without authority to direct, and the record so shows, then the verdict is not sustained by sufficient evidence and is contrary to law. If he stood in the relation of a vice-principal or superior, and directed and ordered the plaintiff to assist, and the record was otherwise sufficient, then the verdict should be sustained.

In the case of *The Kelley Island Lime & Transport Company* v. *Pachuta,* 69 O. S., at 468, the Supreme Court gives a test to be applied in determining whether a particular servant is a vice-principal or a fellow-servant:

"In Ohio the test to be applied in determining whether a particular servant is a vice-principal or a fellow-servant, except in certain cases where the rule has been modified by statute, is whether or not he has been *placed by his employer* in a position of control or authority over his co-employe."

That this, rather than the nature and character of the work being done, is the controlling and governing test in this state is shown by the following authorities: *Railroad Co.* v. *Keasy,* 3 O. S., 21; *Railway Co.* v. *Lewis,* 33 O. S., 196; *Railway Co.* v. *Ranney,* 37 O. S., 665.

In *Railroad Co.* v. *Keasy* we find the following syllabus:

"But a principal is not liable to one servant in his employ for injuries resulting from the carelessness of another servant, when both are engaged in a common service, and no power or

control is given to the one over the other.  They stand as equals to each other, and are alone liable for the injuries they may occasion.''

The Circuit Court of Cuyahoga County, in the case of *Toomey* v. *Avery Stamp Company,* in the 20th Circuit Court Reports, at page 183, has also defined what constitutes a fellow-servant:

''It is the rule in Ohio that the master is liable for injury to one servant from the negligence of another, where both are engaged in a common employment and one is given control over the other.  Mere working together where the advice of one is accepted by another, and where by superior knowledge one gives all the advice and direction for the work, is not alone sufficient to charge the master with the negligence of either by which the other is injured, *but such direction and authority must be by the authority given by the master or some one standing in his place.''*

Now, we have carefully gone over this record and we fail to find any place in the record where the servant, Hofleck, was given by the master any authority or power to control and direct the work of the defendant in error herein.  The most that we find from the record, is that he requested the assistance of other servants of the plaintiff in error and that that assistance was given, but that the master had ever conferred any authority or power on him to control or direct this work, or any other work, on the part of this person Hofleck, we fail to find it set out in the record or shown by the proof.  This being so, even if the defendant in error was directed by the person Hofleck to do this work, it does not appear that it was done under the direction or authority of the master.  That being so, the record fails to show that Hofleck stood in the relation of a vice-principal or superior and the engaging in this work by the defendant in error  was not in consequence of any act or direction of the master.

We have, for the purposes of this opinion, assumed every element necessary for the defendant in error to recover, and all that the defendant in error could claim in his own behalf up to the point we have been discussing, but as this is essential and necessary to be shown in the case and is not shown, it is our judgment that the verdict of the jury is against the manifest weight of the evidence and is contrary to the law of the case.

Therefore, the motion for a new trial should have been granted, and the court was in error in overruling said motion. For this error the judgment of the court of common pleas will be reversed, with exceptions, and the cause remanded to the court of common pleas for further proceedings according to law. Judgment will be entered in favor of plaintiff in error for the costs in this court.

*L. C. Stillwell,* for plaintiff in error.

*F. V. Owen,* for defendant in error.